# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MARTINDALE CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>HEARTLAND INNS OF AMERICA, LLC,<br><br>    Defendant. | No. 08-CV-2065-LRR<br><br>**ORDER** |

_____

The matters before the court are Plaintiff Martindale Corporation's "Motion Pursuant to Rule 56(f) for the Court to Deny or Defer Ruling upon Defendant's Motion for Summary Judgment" ("Rule 56(f) Motion") (docket no. 13) and Defendant Heartland Inns of America, LLC's "Motion for Summary Judgment" (docket no. 10).

The court shall grant the Rule 56(f) Motion and deny the Motion for Summary Judgment as premature. Rule 56(f) provides:

> **(f) When Affidavits Are Unavailable**. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** deny the motion;
>
> **(2)** order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> **(3)** issue any other just order.

Fed. R. Civ. P. 56(f) (emphasis in original). The purpose of Rule 56(f) is "to provide an additional safeguard against an improvident or premature grant of summary judgment . . . ." *U.S. ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (citation and internal quotation marks omitted). "[T]he rule should be applied

with a spirit of liberality." *Id*. "Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006) (citing *Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc.*, 162 F.3d 991, 996 (8th Cir. 1996)).

> Rule 56(f) allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact.

*Id*. (citing Fed. R. Civ. P. 56(f) and *In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.*, 113 F.3d 1484, 1491 (8th Cir.1997)). The party is required "to show 'what specific facts further discovery might unveil.'" *Casino Magic*, 293 F.3d at 426 (quoting *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999)). The decision whether to afford a party relief under Rule 56(f) rests within the sound discretion of the district court. *See id*. at 426-27 (reviewing for abuse of discretion the trial court's decision to refuse to extend discovery under Rule 56(f)).

For the reasons set forth in the Affirmation of Natasha Romagnoli (docket no. 13-3), the court finds Plaintiff has not had adequate time for discovery and denial of the Motion for Summary Judgment is necessary to safeguard against an improvident or premature grant of summary judgment. Defendant filed the Motion for Summary Judgment before the parties conducted any discovery and only six weeks after Plaintiff filed the Complaint (docket no. 2). Discovery may be "critical" even in actions seeking a relatively simple declaratory judgment on a contract. *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 10 (2d Cir. 1983). Defendant may re-file its motion for summary judgment once discovery closes. *Cf. Shearer v. Homestake Min. Co.*, 727 F.2d 707, 708 (8th Cir. 1984) (noting that the district court initially denied a pre-discovery motion for summary judgment even though it expressed reservations about the merits of the case and

2

characterizing the possibility of granting a motion under such circumstances as "drastic"). Because of the relative simplicity of the issues involved in this case, however, the court encourages the parties to agree to aggressive discovery and dispositive motions deadlines in their Rule 16 Scheduling Order and Discovery Plan.

The court also affirmatively finds that it has subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1332. For jurisdictional purposes, Plaintiff is a citizen of New York. Defendant is a citizen of Iowa. Notwithstanding Defendant's denial in its Answer (docket no. 8), the amount in controversy clearly exceeds $75,000.

Accordingly, the Rule 56(f) Motion (docket no. 13) is **GRANTED**. The Motion for Summary Judgment (docket no. 10) is **DENIED AS PREMATURE**.

**IT IS SO ORDERED.**

**DATED** this 11th day of February, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA