IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MARTINDALE CORPORATION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HEARTLAND INNS OF AMERICA,<br>L.L.C.,<br><br>　　　　Defendant. | No. C08-2065<br><br>ORDER REGARDING DISCOVERY |

This matter comes before the Court on the Motion to Compel Heartland to Identify Alleged Prospective Purchasers (docket number 44) filed by the Plaintiff on June 30, 2009 and the Motion for Protective Order (docket number 48) filed by the Defendant on July 14, 2009. The Plaintiff's request for oral argument is denied. Pursuant to Local Rule 7.c, the motions will be decided without oral argument.

## *I. PROCEDURAL HISTORY*

On October 29, 2008, Plaintiff Martindale Corporation filed a Complaint (docket number 2) against Defendant Heartland Inns of America, L.L.C., seeking declaratory judgment to establish the enforceability of an agreement to purchase and sell 18 hotels owned by Heartland. Heartland answered on November 25, 2008, asking that the complaint be dismissed. *See* Answer (docket number 8).

On December 12, 2008, Heartland filed a Motion for Summary Judgment (docket number 10). Martindale responded by filing a motion to "deny or defer ruling," citing FEDERAL RULE OF CIVIL PROCEDURE 56(f). In an Order filed on February 11, 2009, the Court denied Heartland's motion for summary judgment as premature. *See* Order (docket number 22).

1

On February 18, Heartland filed a motion for leave to file a counterclaim. Heartland's proposed counterclaim included claims for specific performance, breach of the purchase agreement, breach of an additional contract to repair the Coralville hotel, and tortious interference with a prospective business relationship. Martindale resisted, arguing that the motion was futile because the claims were without merit. The Court concluded that the agreement reached between the parties did not allow specific performance as a remedy available to Heartland. Accordingly, the Court found that Heartland's proposed counterclaim for specific performance would be futile, and its motion to amend in that regard was denied. However, the Court granted Heartland's request to assert the other three claims. *See* Ruling on Motion for Leave to File Counterclaim (docket number 26).

Heartland filed its Amended Answer and Counterclaim (docket number 27) on March 31, 2009. Of particular interest to the issue raised by the instant motions, Heartland claims in Count III of its Counterclaim that Martindale has tortiously interfered with a prospective business relationship. According to Heartland,

> Martindale's claim has improperly inhibited Heartland's ability to enter into a contractual relationship with a purchaser who is capable of consummating a transaction and has in fact prevented Heartland from entering into such a contractual relationship as the result of Martindale's claim to the Hotels in the case at bar.

*See* Heartland's Amended Answer and Counterclaim, ¶ 38 at 10 (docket number 27 at 10). Heartland claims that it has been damaged in the amount of $45 million "as a result of Martindale's tortious interference with Heartland's ability to enter into a contractual relationship with a third party for the sale of the Hotels." *Id.* at ¶ 39.

On April 8, 2009, the Court adopted a proposed scheduling order and discovery plan submitted by the parties. This case is scheduled for a non-jury trial before Chief Judge Linda R. Reade on November 16, 2009. On July 13, 2009, the parties filed competing Motions for Summary Judgment (docket numbers 45 and 46). The deadline for responding to the motions is August 6, 2009.

## II. ISSUE PRESENTED

On June 30, 2009, Martindale filed the instant motion to compel. On July 14, Heartland filed a resistance, and filed a motion for protective order. Both motions ask the Court to determine whether Heartland is required to disclose information regarding third parties who may be prospective purchasers of the hotels.

## III. DISCUSSION

On December 29, 2008, Martindale served its First Set of Requests for Production of Documents.[1] Among other things, Martindale asked for all documents concerning purchase offers received for the hotels, all documents concerning "any efforts" made by Heartland to find another purchaser, and all communications which Heartland had with any prospective buyer. In response to the request, Heartland produced a letter to its agent, dated January 21, 2009, purporting to outline "the general business terms and conditions" of a proposed agreement for the sale and purchase of the 18 hotels.[2] The letterhead has been blacked out, however, as well as the name of the proposed purchaser. The letter is unsigned.

After Heartland filed its counterclaim, Martindale submitted a second request for production of documents, seeking documents relating to the "serious offers" referred to by Heartland in its counterclaim. Martindale also submitted a second set of interrogatories, requesting additional detail regarding discussions to sell the hotels to third parties. Heartland resists the production of the requested information, arguing that it "is unnecessary and irrelevant to proving or defeating the tortious interference counterclaim

---

[1] *See* App. to Martindale's Motion to Compel, Exhibit B, 14-26 (docket number 44-4 at 17-29).

[2] *See* App. to Martindale's Motion to Compel, Exhibit C, 27-31 (docket number 44-4 at 30-34).

and its disclosure would be unjustifiably harmful to Heartland."[3] Heartland suggests that it not be required to provide the requested information until the prospective purchasers "have either entered into a binding, irrevocable agreement to purchase the hotels or have explicitly stated that they will not purchase the hotels."[4]

### A. Is the Requested Information Relevant?

The familiar standard governing the scope of discovery generally is found in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1): "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Accordingly, the Court must determine whether information relating to a possible sale of the hotels to a third party is relevant to Heartland's claim or Martindale's defense. In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Davis v. Union Pacific R.R. Co.*, 2008 WL 3992761 (E.D. Ark.) at *2 ("a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."); *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (same).

In Count III of its Counterclaim, Heartland asserts that Martindale tortiously interfered with a prospective business relationship. The gravamen of Heartland's claim is described by it as follows:

> Heartland is unable to convey clear title to the Hotels to a third party so long as Martindale's claim to the Hotels is pending. Martindale's claim has improperly inhibited Heartland's ability to enter into a contractual relationship with a purchaser who is capable of consummating a transaction and has in fact

---

[3] *See* Heartland's Resistance to Martindale's Motion to Compel at 1-2 (docket number 47 at 1-2).

[4] *Id.* at 2-3.

4

prevented Heartland from entering into such a contractual relationship as the result of Martindale's claim to the Hotels in the case at bar.

*See* Heartland's Amended Answer and Counterclaim, ¶ 38 at 10 (docket number 27 at 10). That is, Heartland does not claim that Martindale interfered by contacting a prospective purchaser directly; rather, Heartland claims that the pendency of Martindale's "claim to the Hotels" has prevented Heartland from selling the hotels to a third party.[5]

In Iowa, the tort of interference with prospective contractual relationships includes five elements:

1. A prospective contractual or business relationship;
2. the defendant knew of the prospective relationship;
3. the defendant intentionally and improperly interfered with the relationship;
4. the defendant's interference caused the relationship to fail to materialize; and
5. the amount of resulting damages.

*Blumenthal Inv. Trusts v. City of West Des Moines*, 636 N.W.2d 255, 269 (Iowa 2001).

In arguing that the identity of prospective purchasers is irrelevant to its claim of tortious interference with a prospective business relationship, Heartland notes that Martindale's actions were not directed at third persons, but rather directed at Heartland itself. While claims of tortious interference commonly allege that the wrongful acts were "directed at third persons -- causing them not to enter into transactions with the plaintiff," the acts may be directed at the plaintiff itself. *Farmers Co-op. Elevator, Inc. v. State Bank*, 236 N.W.2d 674, 679 (Iowa 1975). Heartland argues that the "real focus" should be on its "own ability to convey the hotel properties to another purchaser," given

---

[5] On May 21, 2009, Martindale filed an Amended Complaint (docket number 35). In its initial complaint, Martindale sought a judicial declaration "that the [purchase] Agreement remains in full force and effect." In its amended complaint, however, Martindale no longer seeks to enforce the parties' purchase agreement. Rather, Martindale seeks the return of its $500,000 payment, plus additional expenses and attorney fees.

5

Martindale's prayer that the Court declare the parties' purchase agreement "in full force and effect."[6]

Heartland's argument ignores, however, the fourth and fifth elements of tortious interference with a prospective contractual relationship. Even assuming that Martindale initiated the instant action for an improper purpose,[7] Heartland is required to prove that Martindale's interference caused a prospective sale to "fail to materialize," thereby causing damage to Heartland in a specified amount. In order to recover on its claim, Heartland must prove damages.

> [W]e conclude actual loss or resulting damage to the party whose relationship or expectancy has been disrupted by defendant's intentional and wrongful interference is an essential element of a cause of action for this tort. Consequently, if the alleged intentional and wrongful interference does not cause damage it generates no claim for relief predicated on this tort theory. Even a breach of duty not to interfere with [plaintiff's] prospective contractual relationship causing only nominal damages, speculative harm, or the threat of future harm not yet realized will not ordinarily suffice to create a cause of action under this tort.

*Stoller Fisheries, Inc. v. American Title Ins. Co.*, 258 N.W.2d 336, 341 (Iowa 1977).

Heartland argues that information regarding prospective purchasers is not relevant to its claim of tortious interference with a prospective business relationship. The party resisting production of requested information bears the burden of establishing lack of relevancy. *EEOC v. CRST Van Expedited, Inc.*, 2009 WL 395211 at *2 (N.D. Iowa 2009) (citing *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)). Heartland has failed to meet its burden in this regard.

---

[6] *See* Heartland's Brief in Support of Its Resistance at 7 (docket number 47-2 at 7).

[7] Even if a party has some belief in the merits of the litigation, if the suit was "instituted or threatened in bad faith with the intention only to harass other persons and not to bring the complaint or lawsuit to definitive adjudication, it may be actionable." *Nesler v. Fisher & Co.*, 452 N.W.2d 191, 198 (Iowa 1990).

Information regarding prospective purchasers is relevant to the issue of whether Martindale's alleged improper interference caused the relationship to fail to materialize, and the amount of damages which Heartland allegedly suffered as a result of the tortious action.

### B. Is the Requested Information a Protected Trade Secret?

In its motion for protective order, Heartland asks that the Court enter an order preventing any discovery regarding prospective purchasers "until such time as the parties have entered into a binding purchase agreement for a hotel or hotels, or have disavowed any interest in the same."[8] FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)(G) authorizes the Court to issue an order, for good cause, requiring that "commercial information not be revealed or be revealed only in a specified way."

A party opposing discovery must show that the disputed information is a trade secret or commercial information, and that "its disclosure would be harmful to the party's interest in the property." *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991). The Court finds that the identity of prospective purchasers, and the terms of any potential transaction to sell the hotels, constitutes confidential commercial information. The disclosure of that information while negotiations are ongoing could be harmful to Heartland's interests.

Accordingly, "[t]he burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial." *Id.* As set forth above, the Court concludes that information relating to prospective purchasers, and the terms of any prospective purchase, is relevant to the issues of whether Martindale's allegedly tortious actions caused the prospective contractual relationship to fail and the resulting damages. As argued by Martindale in its brief:

> Martindale is entitled to determine what commitments (if any)
> the prospective purchasers had made by the time they learned

---

[8] *See* Heartland's Motion for Protective Order at 3 (docket number 48 at 3).

> of the lawsuit (if ever), and how any knowledge about the existence of the lawsuit impacted their willingness to proceed. If Martindale were to learn that the prospective purchasers were not seriously interested in purchasing the Hotels in the first place, or never learned of the existence of the lawsuit until after they had decided not to purchase the Hotels, or had other reasons (such as the global credit crisis) for deciding not to purchase, Martindale would have additional grounds upon which to defend against the counterclaim.

*See* Brief in Support of Martindale's Motion to Compel, ¶ 16 at 8 (docket number 44-3 at 8). The Court concludes that Martindale has a need for the requested discovery in order to effectively defend against Heartland's claim of tortious interference with a prospective contractual relationship.

On June 18, 2009, the Court signed a "Stipulation and Order Governing the Exchange of Confidential Information" (docket number 41) submitted by the parties. The stipulation recognizes that preparation for trial may require discovery of confidential information. Accordingly, the Order establishes a process for the production of "confidential" and "highly confidential" material. Heartland argues, however, that "[i]f Martindale is permitted to interfere and burden prospective purchasers with depositions concerning their interactions with Heartland, there is an unreasonably high risk that the valuable time and effort expended by Heartland will be wasted."[9] Nonetheless, in balancing Heartland's interest in holding certain information confidential against Martindale's interest in obtaining information necessary to defend against Heartland's counterclaim, the Court concludes that Martindale must be provided with the requested information in order to effectively defend against Heartland's allegations. Simply put, if Heartland wishes to press its claim of tortious interference with a prospective business relationship, then it must be prepared to disclose relevant information regarding that prospective business relationship.

---

[9] *See* Heartland's Brief in Support of Its Resistance at 9 (docket number 47-2 at 9).

## IV. ORDER

**IT IS THEREFORE ORDERED** as follows:

1. The Motion to Compel (docket number 44) filed by Martindale on June 30, 2009 is hereby **GRANTED**. Heartland must respond to the requested discovery not later than **August 7, 2009**, or be subject to appropriate sanctions upon further application by Martindale.

2. The Motion for Protective Order (docket number 48) filed by Heartland on July 14, 2009 is hereby **DENIED**.

DATED this 29th day of July, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA